IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ALLEN CHRISTIAN, | ) | |
| # 177126, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:19-cv-453-ECM-SMD |
| | ) | (WO) |
| CHRISTOPHER GORDY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the Court is Alabama inmate James Allen Christian's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Christian challenges his 2015 Pike County robbery convictions. Doc. 1.[1] As discussed below, the Court finds that Christian's petition is time-barred by the statute of limitations, 28 U.S.C. § 2244(d).

## I. BACKGROUND

### A. State Court Proceedings

On April 4, 2013, Christian entered a blind plea of guilty in the Pike County Circuit Court to two counts of robbery in the first degree, in violation of ALA. CODE § 13A-8-41. Doc. 11-15 at 101-26. When taking Christian's guilty plea, the trial court advised him there was no plea agreement and that the court could sentence him as a habitual offender to either life in prison or life in prison without the possibility of parole. Doc. 11-15 at 108,

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

112. On June 24, 2013, the trial court sentenced Christian as a habitual offender to life in prison without the possibility of parole on each conviction. Doc. 11-15 at 166.

Christian did not initially appeal. However, in January 2014, he filed a petition in the trial court under Rule 32 of the Alabama Rules of Criminal Procedure seeking an out-of-time appeal from his guilty plea. *See* Doc. 11-2 at 145. On March 24, 2015, the trial court granted Christian's motion. Doc. 11-2 at 146-48. On March 24, 2015, Christian filed a notice of appeal. Doc. 11-2 at 149.

On direct appeal, Christian argued that the trial court erred in denying his motion to continue his sentencing hearing. Doc. 11-4. On September 11, 2015, the Alabama Court of Criminal Appeals affirmed Christian's convictions and sentence by memorandum opinion. Doc. 11-6. Christian filed no application for rehearing, and on September 30, 2015, a certificate of judgment was issued. Doc. 11-7.

On June 17, 2016, Christian filed a pro se petition for relief under Ala. R. Crim. P. 32[2] presenting claims that: (1) he was constructively denied counsel because his trial counsel failed to hire an independent psychiatrist "who could have testified that Christian was suffering from a settled/fixed insanity caused by long-term addiction to crack cocaine"; (2) his trial counsel was ineffective for failing to move to suppress his statement to police; (3) his trial counsel was ineffective for failing to adequately investigate and present evidence at the sentencing hearing; (4) his trial counsel was ineffective for making

---

[2] Although the clerk of the trial court stamped the Rule 32 petition "Filed" on June 28, 2016, Christian represented that he delivered the petition to prison officials for mailing on June 17, 2016. Doc. 1 at 17. Under the prison mailbox rule, the petition is deemed to be filed on June 17, 2016.

"inappropriate" arguments at the sentencing hearing; (5) the trial court lacked jurisdiction to accept his guilty plea or to sentence him because, after he was evaluated to determine his competency, the trial court failed to consider the results of the evaluation and to make a formal finding he was competent; and (6) the trial court erred in allowing the State to present evidence of his prior bad acts at the sentencing hearing. Doc. 11-5 at 11–34.

The trial court appointed counsel to represent Christian and conducted an evidentiary hearing on the Rule petition on October 2, 2017. Doc. 11-15 at 39; Doc. 11-16 at 163–200; Doc. 11-17 at 1–22. At the evidentiary hearing, Christian raised an additional claim that his guilty plea was involuntary and his trial counsel was ineffective because counsel promised him he would not receive a sentence of life in prison without the possibility of parole if he pled guilty. On December 14, 2017, the trial court entered an order denying Christian's Rule 32 petition. Doc. 11-15 at 167–75.

Christian appealed through his appointed counsel, raising a broad claim that the trial court erred in denying his Rule 32 petition and specifically pursuing only the following two claims from his Rule 32 petition:

(1)  his trial counsel was ineffective for failing to adequately investigate and present evidence at the sentencing hearing; and

(2)  his guilty plea was involuntary and his trial counsel was ineffective because counsel promised him he would not receive a sentence of life in prison without the possibility of parole if he pled guilty.

Doc. 11-18. On September 28, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Christian's Rule 32 petition. Doc. 11-20. The Alabama Court of Criminal Appeals held that Christian had abandoned

any of his Rule 32 claims that he failed to argue on appeal and that the trial court properly denied the two Rule 32 claims Christian pursued on appeal.[3] *Id.* On October 17, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 11-21.

On October 23, 2018, the Alabama Court of Criminal Appeals entered an order recalling its certificate of judgment. Doc. 11-22. On October 30, 2018, Christian filed a pro se application for rehearing as to the Alabama Court of Criminal Appeals' September 28, 2018 memorandum opinion. Doc. 11-23. In his application for rehearing, Christian raised for the first time a claim that his counsel in the Rule 32 proceedings rendered ineffective assistance at his evidentiary hearing. Doc. 11-23 at 11, 18.

On January 11, 2019, the Alabama Court of Criminal Appeals overruled Christian's application for rehearing and sent Christian notice of its ruling. Docs. 11-24, 11-26. Issued contemporaneously with that decision was the court's order withdrawing its September 28, 2018 memorandum opinion and substituting a new memorandum opinion affirming the denial of Christian's Rule 32 petition. Doc. 11-25. The substituted memorandum opinion included a footnote stating that Christian raised his claim that his Rule 32 counsel was ineffective at the evidentiary hearing for the first time on rehearing, and that the court could not consider matters raised for the first time on rehearing. Doc. 11-25 at 5–6. On January 30, 2019, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 11-27.

---

[3] The Alabama Court of Criminal Appeals also found that a claim raised by Christian for the first time in his appellate brief, i.e., that his trial counsel was ineffective for failing to move to withdraw his guilty plea, was not properly preserved for appellate review. Doc. 11-20 at 12–13.

On February 4, 2019, Christian filed a petition for writ of certiorari with the Alabama Supreme Court. Doc. 11-28. On February 21, 2019, the Alabama Supreme Court entered an order striking Christian's petition for writ of certiorari as untimely filed under Rule 39(c) of the Alabama Rules of Appellate Procedure.[4] Doc. 11-29.

On March 25, 2019, Christian filed a Motion to Clarify or in the Alternative a Motion for Clarification with the Alabama Court of Criminal Appeals. *See* Doc. 11-30. Among other matters, Christian asserted that, even though he timely received the Alabama Court of Criminal Appeal's order overruling his application for rehearing, he did not receive the substituted memorandum opinion of January 11, 2019. Doc. 11-30 at 1–2. On April 18, 2019, the Alabama Court of Criminal Appeals sent a letter to Christian informing him that it was in receipt of his Motion to Clarify or in the Alternative Motion for Clarification; that his appeal had concluded with the court's issuance of a certificate of judgment on January 30, 2019; and that it was returning his motion unfiled. Doc. 11-31. In the letter to Christian, the Alabama Court of Criminal Appeals also noted that, although Christian alleged he did not receive the court's substituted memorandum opinion of January 11, 2019, the court's records reflected that a copy of the substituted memorandum opinion was mailed to Christian contemporaneous with its order overruling his application for rehearing. Doc. 11-31.

---

[4] Rule 39(c)(2) of the Alabama Rules of Appellate Procedure provides that the petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days of the Alabama Court of Criminal Appeals' decision on the application for rehearing.

On May 6, 2019, Christian filed with the Alabama Court of Criminal Appeals a Motion To Suspend the Rules or In the Alternative for an Enlargement of Time to file further pleadings in his appeal. Doc. 18 1 at 2–5. On May 16, 2019, the Alabama Court of Criminal Appeals sent a letter to Christian again informing him that his appeal had concluded with the court's issuance of a certificate of judgment on January 30, 2019, and that the court was returning his motion unfiled. Doc. 11-32.

## B.    Christian's § 2254 Petition

 On June 7, 2019, Christian, proceeding pro se, filed this 28 U.S.C. § 2254 petition for writ of habeas corpus.[5] Doc. 1. In his petition, Christian asserts claims that:

(1) his argument that his counsel in the Rule 32 proceedings rendered ineffective assistance at his evidentiary hearing was properly raised for review in his application for rehearing in the Alabama Court of Criminal Appeals; and

(2) his convictions should be vacated because he did not timely receive a copy of the Alabama Court of Criminal Appeals' substituted memorandum opinion of January 11, 2019.

Doc. 1 at 6, 12–13.

Respondents argue that Christian's petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d). Doc. 11 at 9–10. The undersigned agrees and, consequently, recommends that Christian's petition should be DENIED without an evidentiary hearing and that this case should be DISMISSED with prejudice.

## II.    ANALYSIS

---

[5] Although the § 2254 petition was date-stamped as received in this Court on June 27, 2019, Christian represents that he signed the petition, and thus delivered it to prison officials for mailing, on June 7, 2019. Doc. 1 at 8. Thus, under the prison mailbox rule, the Court deems Christian's § 2254 petition to be filed on June 7, 2019.

## A.      AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a
writ of habeas corpus by a person in custody pursuant to the judgment of a
State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through the
exercise of due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation under
this subsection.

28 U.S.C. § 2244(d).

## B.      Discussion of Timeliness of Christian's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed

within a year of the date on which the petitioner's judgment of conviction becomes final,

either by the conclusion of direct review or by the expiration of the time for seeking direct

7

review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Christian was allowed an out-of-time direct appeal. The Alabama Court of Criminal Appeals affirmed Christian's conviction on direct appeal, and Christian did not seek rehearing. The Alabama Court of Criminal Appeals issued a certificate of judgment on September 30, 2015. On that date, the one-year statute of limitations began to run. *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000). Without tolling, the AEDPA's limitation period would have expired on September 30, 2016. However, as next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA's filing deadline beyond that date.

### 1.    *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), the AEDPA's limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On June 17, 2016—when 261 days[6] of the limitation period had run—Christian filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the AEDPA's limitation period. The state court proceedings on Christian's Rule 32 petition concluded on January 30, 2019—the date on which the Alabama Supreme Court issued a certificate of judgment issued in the Rule 32 proceedings. With the conclusion of the Rule 32 proceedings, the AEDPA's limitation period began to run again, with 104 days (365 days - 261 days) remaining on the federal clock. Thus, with no other tolling events occurring, Christian had until May 14, 2019, to file a timely § 2254 petition.

---

[6] From September 30, 2015 to June 17, 2016.

However, Christian filed his § 2254 petition on June 7, 2019—24 days after the AEDPA's statute of limitations expired.

The AEDPA's other tolling provisions, in 28 U.S.C. § 2244(d)(1)(B)–(D), provide no safe harbor for Christian to afford a different triggering date for the AEDPA's limitation period to commence on some date later than September 30, 2016, or to expire (with statutory tolling under § 2244(d)(2)) on some date later than May 14, 2019. There is no evidence that an unlawful state action impeded Christian from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Christian presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2244(d)(1)(C). Christian also submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

Here, the AEDPA's statute of limitations expired on May 14, 2019. Christian filed his § 2254 petition on June 7, 2019. Therefore, his petition was not timely filed in this Court.

### 2.     *Equitable Tolling*

The AEDPA's limitation period may be equitably tolled on grounds besides those found in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S.

Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Christian appears to argue for equitable tolling in his case by asserting that he was diligent in his efforts to meet all filing requirements in state and federal court and that the untimeliness of any of his filings after the Alabama Court of Criminal Appeals' issuance of a certificate of judgment on January 30, 2019, is through no fault of his own. *See* Doc. 13 at 1; Doc. 14 at 2; Doc. 17 at 2; Doc. 18 at 1. Here, Christian appears to rely heavily on his assertion that he did not timely receive a copy of the Alabama Court of Criminal Appeals' substituted memorandum opinion of January 11, 2019. The record reflects that, contemporaneous with the mailing of that substituted memorandum opinion, the Alabama Court of Criminal Appeals mailed Christian notice that it had overruled his application for rehearing,[7] and Christian does not deny that he received such notice. Christian, however, delayed filing a petition for writ of certiorari with the Alabama Supreme Court until February 4, 2019—after the 14-day period for him to file a petition for certiorari review had expired. Consequently, the Alabama Supreme Court struck his petition for writ of certiorari on February 21, 2019—a ruling about which Christian was timely informed.

---

[7] The only difference in the Alabama Court of Criminal Appeals' memorandum opinion issued on September 28, 2018, and the substituted one issued on January 11, 2019, is a footnote in the substituted memorandum opinion stating that Christian's claim that his Rule 32 counsel was ineffective at the evidentiary hearing was raised for the first time in his pro se application for rehearing and therefore could not be considered for purposes of appellate review. Doc. 11-25 at 5–6.

Moreover, Christian was also timely informed of the Alabama Court of Criminal Appeals' issuance of a certificate of judgment on January 30, 2019. Although he knew his application for rehearing was overruled on January 11, 2019, that a certificate of judgment was issued on January 30, 2019, and that his petition for writ of certiorari was stricken on February 21, 2019, Christian did not act expeditiously to protect his federal rights by filing his § 2254 petition before the AEDPA's statute of limitations expired, even though time remained for him to file until May 14, 2019. Instead, he continued to litigate matters in the state courts related to whether he should have been granted an extension of time to file his petition for writ of certiorari with the Alabama Supreme Court. His efforts were fruitless.

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). Christian fails to establish a causal connection between the alleged extraordinary circumstances in his case and the tardiness of his § 2254 petition. He fails to show that circumstances existed making it impossible for him to file a timely § 2254 petition, and he fails to demonstrate reasonable diligence on his part to protect his rights. He waited until June 7, 2019, to file his § 2254 petition and chose not to file even a protective placeholder

11

§ 2254 petition in this Court within the AEDPA's limitation period as he continued what proved to be his unsuccessful efforts in the state appellate courts.

Christian fails to meet his burden of establishing his entitlement to equitable tolling. Because he is not entitled to equitable tolling, his § 2254 petition is time-barred under the AEDPA's statute of limitations, and his claims for habeas relief are subject to no further review.

## III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Christian's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the statute of limitations in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation by **May 18, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v.*

*Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,*

661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2022.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE